UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

------------------------------------------------------------------------

JUMAR K. JONES,

                Plaintiff,

v.                                     Case No. 17-cv-704-pp

JON LITSCHER, JIM SCHWOCHERT,
SCOTT ECKSTEIN, JOHN KIND,
CAPTAIN BAUMANN, ALAN DEGROOT,
MICHELLE HAESE, SGT. FRANCIOS,
SGT. ROSE, SGT. SPOERL, SPT. PALTZ,
and MICHAEL DONOVAN,

                Defendants.

------------------------------------------------------------------------

**DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MEMORANDUM OF LAW FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2), GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 7), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ADD DEFENDANTS (DKT. NO. 12), DENYING PLAINTIFF'S STATUS MOTION (DKT. NO. 14) SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 13), AND REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

------------------------------------------------------------------------

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. He also has filed several motions. The court will address the motions in this order, as well as screening the plaintiff's amended complaint.

**I.     Memorandum of Law for Temporary Restraining Order (Dkt. No. 2)**

The same day he filed his complaint, the plaintiff filed a document entitled "Memorandum of Law for Temporary Restraining Order." Dkt. No. 2. The court construes this document as a motion, asking the court to issue a temporary restraining order.

The plaintiff correctly states the standard that the court considers in deciding whether to grant injunctive relief, and as he points out, the first standard the court has to consider is whether the plaintiff has a reasonable likelihood of success on the merits of his lawsuit. Dkt. No. 2 at 1 (citing Aircraft Owners & Pilots Ass'n v. Hinson, 102 F.3d 1421, 1424-24 (7th Cir. 1996)). For reasons that the court will explain below, the court is not in a position to determine whether the plaintiff has a reasonable likelihood of success on the merits of his case. Further, the defendants have not been served with the plaintiff's motion (or his complaint, as the court explains below), and have not had an opportunity to respond. The court will deny the motion without prejudice. The plaintiff may re-file his motion if, and when, the court issues an order allowing him to proceed on particular claims.

## II. Motion For Leave To Proceed Without Prepaying the Filing Fee (Dkt. No. 7)

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 25, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $37.45. Dkt. No. 6. The plaintiff paid that fee on June 5, 2017.

Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

### III. Motion to Add Defendants (Dkt. No. 12) and Proposed Amended Complaint (Dkt. No. 13)

On July 28, 2017, the plaintiff filed a motion asking the court to allow him to add two defendants—Nys and Dillenberg. Dkt. No. 12. About four months later, the plaintiff filed a proposed amended complaint. Dkt. No. 13. He did not, however, name Nys or Dillenberg in the amended complaint.

In certain circumstances, Fed. R. Civ. P. 15 allows a plaintiff to amend his complaint once without the court's permission. The court will treat the amended complaint at dkt. no. 13 as the operative complaint (which means that it will replace the original complaint).

The court will deny without prejudice the plaintiff's motion to add Nys and Dillenberg as defendants. Dkt. No. 12. It is not clear to the court why the plaintiff filed the motion asking to add those defendants, but did not include them in the amended complaint he filed a month later. As the court explains below, it is going to require the plaintiff to file a second amended complaint. If the claims the plaintiff believes he has against Nys and Dillenberg arise out of the same transaction, occurrence or series of transactions or occurrences as any other claims he includes in that second amended complaint, he may include them in that complaint.

## IV.   Status Motion (Dkt. No. 14)

On February 22, 2018—about seven months after the plaintiff filed his request to add defendants—the plaintiff filed a document that he called a "status motion." Dkt. No. 14. He asked the court to enter an order requiring the defendants to answer the complaint, and "to move forward without any undue delays, if possible." Id. He also asked for a status update on his case.

The court understands that the plaintiff filed his complaint quite some time ago, and that he has not heard from the court in all that time. There are several reasons for that. One is the court's congested docket—it has many, many other cases pending. Many of those cases were filed by inmates who are representing themselves. As the court will explain in more detail below, the law requires the court to "screen" the vast majority of inmate complaints. This takes time, and the court is not able to screen every case as quickly as it would like—or as quickly as the plaintiffs would like. Screening takes longer in cases where, as here, the plaintiff files a long complaint naming many defendants and alleging many different types of violations. The court will explain below some of the issues it has encountered in this case; some of those issues have resulted in the court's long delay in responding.

The court will not order the defendants to answer the complaint. The defendants are not aware that the plaintiff has sued them. That is because the law requires that the court screen the complaint before serving it on the defendants. Once the court has screened the complaint, and decided to allow the plaintiff to proceed on certain claims, the court orders the complaint to be

4

served on the defendants. Only after the defendants have received the complaint are they required to answer it. The court will deny this motion.

**IV.    Screening the Plaintiff's Complaint**

   A.   *Federal Screening Standard*

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To proceed under 42 U.S.C. §1983, a plaintiff must allege facts sufficient to support the inference that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  *The Substance of the Plaintiff's Amended Complaint*

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "*short and plain*"

6

statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cnty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." Kadamovas v. Stevens, 706 F.3d 843, 844 (7th Cir. 2013) (quoting Garst, 328 F.3d at 378). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." Id.

In this case, the plaintiff's amended complaint consists of twenty-three pages, names twelve defendants, and contains more than 100 paragraphs of factual and legal assertions. Dkt. No. 13. As the Seventh Circuit indicated in Kadamovas, if the plaintiff has included any factual allegations that have merit, they are buried in pages and pages of conclusions, allegations and excessive and unnecessary detail.

Not only is the complaint long and wordy, but, as best the court can tell, it appears to contain allegations of different kinds of injuries allegedly committed by different groups of defendants. The plaintiff appears to allege, for example, that some individuals improperly deducted funds from his prison account; that other individuals prevented him from purchasing a watch; that

7

individuals improperly prevented him from performing religious rituals; that individuals prevented him from exercising in the dayroom; and that individuals filed or condoned the filing of false disciplinary charges against him.

The court also notes that the defendant has named different defendants in different pleadings and motions. In his original complaint, he named Jon Litscher, Jim Schwochert, Scott Eckstein, John Kind, Capt. Baumann, Alan DeGroot, Michelle Haese, Sergeant Francios, Sergeant Rose, Sergeant Spoerl, Sergeant Paltz and Michael Donovan. Dkt. No. 1. In his motion to add defendants, the plaintiff listed Officer Nys and Officer Dillenberg. Dkt. No. 12 at 1. In the proposed amended complaint (which now is the operative complaint), the plaintiff left out several of the people he named in his original complaint (Litscher, Baumann, Rose, Spoerl and Paltz), added several new names (Kelli Willard West, Trina DeBruin, Steve Schueler, Capt. Retzlaff and Lt. Lenz). In these three filings, he has named nineteen different people; there is no allegation in any of the filings that all nineteen of these people were involved in the same alleged violations.

Fed. R. Civ. P. 18(a) allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(2)(A)." Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012). Fed. R. Civ. P. 20(a)(2)(B) states that persons may be joined in a case as defendants only if there are questions of law or fact

8

common to "all" defendants. In other words, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." Id. (citing George v. Smith, 507 F.3d 605 (7th Cir. 2007)).

The plaintiff appears to have done what the Seventh Circuit, and Rules 18 and 20 of the Federal Rules of Civil Procedure, state that he cannot do. He has sued nearly a dozen defendants relating to a number of different incidents and allegations. The one thing that all of these individuals have in common is that the plaintiff came into contact with them as a result of his incarceration. That is not a sufficient basis for the court to conclude that his claims are all related or that there are questions of law or fact common to all of the defendants.

Before this case goes any further, the court will require the plaintiff to file a second amended complaint that complies with Rules 8, 18 and 20. The amended complaint must provide a "simple, concise, and direct" statement of his claims. Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998). The plaintiff should "avoid a rambling, incoherent complaint." Ford v. Flannery, No. 2-07-CV-267, 2008 WL 821686, *2 (N.D. Ind. March 26, 2008). The plaintiff does not need to include every detail giving rise to his claim(s); he needs to provide only enough facts that the court can reasonably infer that the defendants did what the plaintiff alleges they did. The plaintiff must be careful to choose from among his many claims only those claims that are related to one another and that arise out of the same underlying circumstances or events. For example, if he chooses to file a complaint alleging that certain individuals prevented him

9

from performing religious rituals, he should include in that complaint only the facts relating to his attempts to perform those religious rituals, and should name only those individuals who were involved in denying him the ability to perform those religious rituals. If he also wants to pursue a claim that certain individuals filed false disciplinary charges against him, he must file a second, separate complaint to make that allegation.

As the plaintiff considers which claims to include in his second amended complaint, he should remember that "[p]ublic officials do not have a free-floating obligation to put things to rights . . . ." Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). This is because "public employees are responsible for their own misdeeds but not for anyone else's." Id. The fact that a prison staff member denies a prisoner's complaint, or agrees with another employee's recommendation on an inmate complaint, does not itself mean that staff member violated a prisoner's constitutional rights, nor does it make that staff member liable for the alleged misconduct of another person. See id. In other words, the plaintiff should name as defendants only those individuals who were personally involved in or responsible for the alleged constitutional violation.

The court is enclosing with this order a guide for *pro se* prisoners that explains how to file a complaint that the court can effectively screen. The court also will include a blank prisoner complaint form. The court will require the plaintiff to use that form to file his second amended complaint. See Civil L. R. 9 (E.D. Wis.). If, after crafting his allegations in clear, concise, "who, what, when, where, why" language, the plaintiff believes he needs more space than is

provided in the form complaint, he may attach a maximum of five typed, double-spaced pages.

**V. Conclusion**

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for a temporary restraining order. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 7.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to add defendants. Dkt. No. 12.

The court **ORDERS** that the amended complaint the court received on December 7, 2017, dkt. no. 13, will be the operative complaint, until the court receives the plaintiff's second amended complaint.

The court **DENIES** the plaintiff's status motion. Dkt. No. 14.

The court **ORDERS** that the plaintiff shall file a second amended complaint that complies with the instructions in this decision. The court **ORDERS** that the plaintiff shall file the second amended complaint in time for the court to receive it by the end of the day on **April 20, 2018**.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $312.55 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Green Bay Correctional Institution.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

information not being timely delivered, thus affecting the legal rights of the parties.

The court includes with this order a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin, this 20th day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**