UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUMAR K. JONES,

                    Plaintiff,

v.                                          Case No. 17-cv-704-pp

JON LITSCHER, et al.,

                    Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT (DKT. NO. 21)

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. He later filed an amended complaint, dkt. no. 13, which the court screened on March 20, 2018, dkt. no. 15. After identifying problems with the amended complaint, the court gave the plaintiff the opportunity to file a second amended complaint. The plaintiff took advantage of that opportunity and filed a second amended complaint about a week later. Dkt. No. 17. On May 10, 2018, the court screened the plaintiff's second amended complaint, and dismissed the case based on the plaintiff's failure to state a claim. Dkt. No. 19.

About two weeks later, on May 22, 2018, the plaintiff filed a motion for relief from final judgment under Fed. R. Civ. Pro. 60(b). Dkt. No. 21. That rule allows a court to relieve a party from final judgment for several reasons, including "mistake, inadvertence, surprise, or excusable neglect." The plaintiff asks the court to reconsider its decision dismissing his second amended

1

complaint, arguing that his failure to state a claim was "an accidental oversight for failing to reallege what was previously articulated in his 'First Amended' complaint, along with the correct relief sought for each claim." Id. at 1. The court will deny the plaintiff's motion.

In its March 20, 2018 screening order, the court explained to the plaintiff that the original complaint violated Federal Rules of Civil Procedure 8, 18 and 20, because he had "sued nearly a dozen defendants relating to a number of different incidents and allegations." Dkt. No. 15 at 9. The court cautioned to the plaintiff to be careful when he chose from among his many claims and to include only those claims that were related to one another and that arose out of the same underlying circumstances or events. Id. It also provided the plaintiff with a guide for *pro se* prisoners that explained how to file a complaint that the court could effectively screen. Although the court gave the plaintiff thirty days to prepare his second amended complaint, id. at 11, the court received the second amended complaint seven days later; the plaintiff did not use all the time that the court gave him to thoroughly think through and narrow his claims.

Now, in his motion to reconsider, the plaintiff argues that he was trying to comply with the court's instructions, and as a result, he "accidentally omitted the 'meat' of his claims . . . ." Dkt. No. 21 at 4. He also argues that he suffers from anxiety, which makes him tired and makes it hard for him to concentrate; he says that this explains why he neglected to put the substance of his claims in the amended complaint. Id. at 7.

2

The Seventh Circuit Court of Appeals has explained that "[a] negligent mistake, that is one evincing a lack of due care, is not a proper ground for relief under Rule 60(b)." W. Transp. Co. v. E. I. Du Pont de Nemours and Co., 682 F.2d 1233, 1236 (7th Cir. 1982). If the plaintiff had taken the time the court gave him to review his second amended complaint, he could have caught his "accidental oversight" of not including all the allegations he wished to include. His mistake "was careless and bars relief under Rule 60(b)." Id.

Perhaps more relevant, however, is the fact that the plaintiff filed a nine-page motion to reconsider, yet did not provide the court with the information that the court said was missing from the amended complaint. He argues that his original complaint stated claims against the defendants he named in the original complaint, dkt. no. 21 at 1, and he recites several paragraphs from that original complaint, id. at 1-2. He spends a good deal of time citing case law and arguing about what the law says. Id. at 4-7. He still, however, does not provide information about who denied him the ability to go to recreation, or to the library, or how frequently that happened, or what other inmates are allowed to do that he is not. He still does not allege damage he incurred from what he says was restricted library time. He still does not state any facts that give rise to alleged constitutional violations. There is no basis for the court to

reconsider its prior ruling.

The court **DENIES** the plaintiff's motion for relief from final judgment. Dkt. No. 21.

Dated in Milwaukee, Wisconsin, this 6th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**